IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NORMAN R. STEACH, | ) |
| Plaintiff, | ) Case No. 04-778-HO |
| v. | ) ORDER |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income disability insurance benefits. Plaintiff asserts disability beginning December 31, 1996, due to Parkinson's disease and antisocial tendencies with resentment of authority, severe anxiety and uncontrollable outbursts of anger. After a hearing, an administrative law judge (ALJ)

1 - ORDER

determined that plaintiff is not disabled.

Plaintiff contends the ALJ erred by improperly discrediting the opinion of plaintiff's examining physician and plaintiff's testimony.

Dr. Caleb Burns examined plaintiff on June 3, 2003. Tr. 133. Dr. Burns interviewed plaintiff, took his medical history and administered the following tests: Wechsler Adult Intelligence Scale-III; Wechsler Memory Scale-III; Trial Making A and B, the Test of Memory Malingering; and the Minnesota Multiphasic Personality Inventory-2. Tr. 133-147. Dr. Burns opined that

> If he is placed in a competitive work setting, he will be unable to interact appropriately with the general public or with fellow workers, will be unable to accept instructions and respond appropriately to criticism from supervisors, will be unable to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, will be unable to complete a normal work day and work week without interruptions from psychologically-based symptoms and will not be able to perform at a consistent pace without an unreasonable number and length of rest periods. He will isolate himself from others, will be unable to maintain attention and concentration for extended periods of time, etc.

Tr. 148.

The ALJ rejected this opinion.

Where an ALJ chooses to disregard the opinion of a examining physician, he must set forth clear and convincing reasons for doing so if the physician's opinion is not contradicted by another doctor. Smollen v Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). If the physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific,

2 - ORDER

legitimate reasons for doing so that are based on substantial evidence in the record." Id. To meet this burden, the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings. Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988).

The ALJ did not provide a detailed analysis. The ALJ noted that a non-examining state agency psychological consultant concluded that plaintiff would experience moderate limitations. Tr. 16. The ALJ rejected Dr. Burns assessment stating:

> Dr. Burns is a non-examining physician, whose opinions are not well supported by medically acceptable clinical and/or laboratory diagnostic studies and are inconsistent with other substantial evidence in the case record.

Tr. 16. Dr. Burns in fact examined plaintiff. The ALJ did not explain why the five tests administered by Dr. Burns were not acceptable for determining plaintiff's mental capacity. The ALJ failed to set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings.

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Regennitter v. Commissioner, 166 F.3d 1294, 1299 (9th Cir. 1999).

Where the Commissioner fails to provide adequate reasons for

3 - ORDER

rejecting the opinion of a treating or examining physician, the court generally credits that opinion as a matter of law. <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995); <u>Hammock v. Bowen</u>, 879 F.2d 498, 502 (9th Cir.1989). However, there are unresolved questions regarding Dr. Burns's opinion. While Dr. Burns specifically stated plaintiff is unemployable, such a legal conclusion is reserved to the Commissioner.

Dr. Burns opined as to severe limitations. The vocational expert opined that if a person suffered limitations in getting to work, staying at work, or missed work completely there would be concern about maintaining competitive employment. Tr. 260, 261. The vocational expert opined that if a person missed two or more days of work a month, that person would not be employable. Tr. 258-59. It is unclear if Dr. Burns opined that plaintiffs limitations would cause him to miss work tow or more days a month and the record is unclear if the limitations noted by Dr. Burns would otherwise prohibit employment.

The same issues are present with regard to plaintiff's testimony as well. While plaintiff testified to problems in staying at a training program for work, he also stated that he could not go to the program at all only once during a 90 day period. Tr. 225. The testimony elicited from the vocational expert is not clear as to whether the limitations noted by plaintiff and Dr. Burns would prevent employment. Accordingly, further development of the record

4 - ORDER

is necessary regardless of whether the ALJ properly discredit plaintiff's testimony.

The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)). Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings. McAllister v. Sullivan, 880 F.2d 1086 (9th Cir. 1989). Even accepting Dr. Burn's opinion as true, further proceedings are necessary to clear defects in the record.

CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for further proceedings.

DATED this 23rd day of Jan., 2006.

Michael R. Hogan
UNITED STATES DISTRICT JUDGE